Larry WILLIAMS, Plaintiff,

v.

WEILER & CO., A Wisconsin Corporation, Defendant and Third–party Plaintiff,

v.

The ST. PAUL COMPANIES and American Beef Packers, Inc., Third–party Defendants.

Civ. No. 75–34–W.

United States District Court, S. D. Iowa, W. D.

June 29, 1979.

Verne Lawyer, Lawyer, Lawyer, Dunn & Jackson, Des Moines, Iowa, and Warren C. Schrempp and Thomas G. McQuade, Schrempp & McQuade, Omaha, Neb., for plaintiff.

Joseph S. Daly and Lee H. Hamann, Omaha, Neb., Charles R. Hannan, Council Bluffs, Iowa, for St. Paul Companies.

Eugene R. Commander, Philip Willson and Richard A. Heininger, of Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, Iowa, for Weiler & Co.

James E. Thorn, Johnson, Stuart, Tinley, Peters & Thorn, Council Bluffs, Iowa, for The St. Paul Co. and Am. Beef Packers.

### ORDER

O'BRIEN, District Judge.

This matter is before the Court upon the Motions to Dismiss and to Strike [1] filed on

---

1. In addition to its Motion to Dismiss for lack of subject matter jurisdiction, The St. Paul Companies has made a Motion to Strike and a Motion to Dismiss contending that a direct action against an insurance company is forbidden by the law of Iowa and unduly prejudicial. Third-party Defendant St. Paul Companies seeks to have all reference to it as an insurer stricken and also to dismiss the Third–party Complaint on this ground. References to the Motion to Strike made herein will refer to these latter two Motions.

behalf of the third–party defendants, The St. Paul Companies, and the Motion to Dismiss filed on behalf of third–party defendant American Beef Packers, Inc. These Motions were filed on May 11, 1978 and resisted by defendant on May 22, 1978. These Motions came on for hearing on February 23, 1979. After review of the record and after oral arguments of counsel, the Court, being fully advised in the premises, finds that the Motions to Dismiss and to Strike should be granted.

Defendant Weiler & Co. (hereinafter referred to as Manufacturer) manufactured a commercial meat–grinding machine and placed it in the stream of commerce. This machine eventually came to be used at third–party defendant American Beef Packers, Inc.'s (hereinafter referred to as Employer) plant in Council Bluffs, Iowa. Plaintiff Larry Williams (Employee) was employed at this plant and, while working at the meat grinder in question, suffered personal injuries. As these injuries were sustained in the course of his employment, Employee became entitled to worker's compensation benefits. The St. Paul Companies (hereinafter referred to as Insurer), being the worker's compensation insurance carrier for Employer, paid and continues to pay Employee the benefits due him under the worker's compensation laws.

Employee then filed this products liability suit, alleging both negligence in the design and manufacture of the machine and a theory of strict liability in tort. As the Iowa Worker's Compensation Act forbids suits by covered employees against their employers, only the Manufacturer was named as a defendant. Insurer then filed its notice of lien in the action pursuant to Section 85.22 of the Code of Iowa, seeking reimbursement for all sums expended by them out of any judgment for which manufacturer may be found liable. Subsequently, defendant Manufacturer requested and was granted leave to bring in Employer and Insurer as third–party defendants and a third–party Complaint for contribution was filed against them, by which defendant Manufacturer alleges the injuries were due at least in part to Employer's negligence. The Manufacturer seeks only a credit for all amounts Insurer has paid or are to be paid to Employee under the worker's compensation laws against any judgment for which Manufacturer may be found liable.

Third–party defendants have filed Motions to Dismiss, alleging in essence that jurisdiction over employer–employee disputes for injuries arising out of employment lies exclusively with the Iowa Industrial Commission by virtue of Code of Iowa Chapter 85.20 and that this Court therefore has no subject matter jurisdiction to hear the dispute. Third–party defendant Insurer has also filed a Motion to Strike, claiming that a direct action against an insurer is prohibited unless and until a judgment against the insured is returned unsatisfied. As stated above, the Court finds that these Motions should be granted.

 Since jurisdiction in this action is based on diversity of citizenship, the Court must apply Iowa substantive law to the issues of this case. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938). Therefore, this Court must determine whether under the doctrine of equitable contribution as applied in Iowa a manufacturer can make a claim of equitable contribution against the employer of the injured party and the employer's worker's compensation insurance carrier.

The Eighth Circuit has established the standard by which to guide this Court in applying the law of Iowa to this case. "We must judicially 'estimate' what the Iowa Supreme Court would do if confronted with the same issue." *Heeney v. Miner*, 421 F.2d 434, 439 (8th Cir. 1970), quoting from the concurring opinion in *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 209, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

The Iowa Supreme Court has spoken on these issues on prior occasions. With the decision in *Best v. Yerkes*, 247 Iowa 800, 77 N.W.2d 23 (1956), Iowa became one of the ever–growing number of states permitting equitable contribution between joint tortfeasors where there is no intentional wrong, moral turpitude, or concert of action. How-

ever, the Iowa court chose to follow the majority rule in the United States and con- ditioned the right of contribution on "common liability."

■ The requirement of common liability was a key factor in the Iowa Supreme Court's subsequent decision in *Iowa Power & Light Co. v. Abild Constr. Co.*, 259 Iowa 314, 144 N.W.2d 303 (1966). In that case the Iowa Supreme Court held, with three justices dissenting, that the third party could not obtain a contribution from the employer of the injured party. The reasoning behind that decision is as follows: By statute and case law, jurisdiction of the subject matter of cases between employers and employees for injuries arising out of and in the course of employment is exclusively in the Industrial Commission and the district court has no jurisdiction of the subject matter of such cases. Code of Iowa Section 85.3 and 85.20; *Steffens v. Proehl*, 171 N.W.2d 297, (Iowa 1969). The employer's liability to its employee is governed by the Iowa Worker's Compensation Act and is not dependent upon negligence. *Bradshaw v. Iowa Methodist Hospital*, 251 Iowa 375, 101 N.W.2d 167 (1960). The Iowa Worker's Compensation Act deprives the employee of the right to sue the employer for damages. Thus, coverage under the Act provides a special defense to the employer to suits by the employee. Therefore, where the Iowa Worker's Compensation Act is applicable, there can be no common liability between the employer and the third party. Since the element of common liability is a prerequisite to the right to equitable contribution under *Best v. Yerkes, supra*, the third party can secure no contribution from the employer. See *Iowa Power & Light Co. v. Abild Constr. Co., supra*.

The Iowa decisions have consistently followed the rule set out in *Abild*, and denied any claim of contribution from the employer when the Worker's Compensation Act was applicable. *Blackford v. Sioux City Dressed Pork, Inc.*, 254 Iowa 845, 118 N.W.2d 559 (1962); *Bradshaw v. Iowa Methodist Hospital, supra; Hysell v. Iowa Public Service Co.*, 534 F.2d 775 (8th Cir. 1976), appeal after remand 559 F.2d 468 (8th Cir.); *Great Northern Ry. Co. v. Bartlett & Co. Grain*, 298 F.2d 90 (8th Cir. 1962).[2]

The Court in *Abild* based their holding on a lack of common liability. In doing so that Court also addressed and rejected the argument that contribution between joint tort—feasors should be based on proof of concurrent negligence and proximate cause. The *Abild* Court recognized, as does this Court, that there are arguments for and problems with both rules and that "neither rule can be supported with irrefutable logic." 144 N.W.2d at 307. A rule allowing contribution may in effect transfer from the employer to the employee more than the amount required by the Worker's Compensation Act via the conduit of the third party (Manufacturer). This allows to be done indirectly what may not be done directly, and violates the theory and purpose of the worker's compensation system. Also, the employer would be in a better position if his negligence solely or primarily caused an injury than if his negligence were concurrent with that of a third party, as there would be no one to seek indemnity and the employer's special defense under the worker's compensation laws would not be lost. See *Abild, supra*, 144 N.W.2d at 307.

On the other hand, if no contribution is allowed, the third party (Manufacturer)

---

**2.** Defendant Manufacturer acknowledges the holdings of these cases but contends that more recent decisions indicate that the Iowa Supreme Court would not follow its earlier decisions if presented with the circumstances of this case. Specifically, Manufacturer points to *Luense v. Adventure Line Mfg. Co.*, No. 60373, dd. April 18, 1977. This was an unreported order of the Iowa Supreme Court granting permission to perfect an interlocutory appeal from

an order of the District Court of Linn County, Iowa, dismissing a contribution claim by a manufacturer against an employer· of a plaintiff. However, this case was settled on appeal. While this may be an indication of the Iowa Supreme Court's willingness to reconsider the issue, all parties agree that said order does not necessarily indicate what final ruling would be made by the Iowa Supreme Court.

would be subjected to the entire damages when he would be entitled to contribution but for the fortuitous circumstance that the other party happened to be under the Worker's Compensation Act. It is unclear why a stranger to the worker's compensation system should have to individually subsidize that system by assuming liabilities he could normally shift to or share with the employer. See *Larson's Workmen's Compensation Law*, Sec. 76.10, p. 229. Furthermore, there may be little incentive for the employer to keep the work place safe if a third party and not the employer will bear the cost of industrial accidents. This system may thwart the purpose of products liability law, which is to place the costs of industrial accidents upon those who reap the corresponding benefits.

This Court also chooses to follow the rule laid down in the *Abild* line of cases, and contribution from the Employer will not be allowed. However, this Court does not rest its decision solely on the "common liability" theory of the *Abild* Court. The real reason for the rule denying contribution seems to be embedded in the basic theory of the worker's compensation doctrine itself. The central concept behind worker's compensation is that the employer and employee receive the benefits of a guaranteed, fixed–schedule, non–fault recovery system, which constitutes the exclusive liability of the employer. It must be remembered that this system has nothing to do with the concepts of negligence. *Bradshaw v. Iowa Methodist Hospital, supra.* The doctrine of contribution, on the other hand, is based upon a finding of negligence and proximate cause. In view of this, the two concepts cannot be expected to dovetail one another.

Realizing the faults of the present system, the question of devising a better solution must be addressed. In a recent study the United States Department of Commerce concluded that the best solution would be the development of the worker's compensation system as the sole source of recovery in product–related accidents, but only if the worker received additional benefits in the course of overall worker compensation reform. See *Uniform Products Liability Law*, 28 Drake Law Review, 300–301. Of course, this could not be done without major modification to worker compensation law, which is obviously a task to be taken up by the Legislature and not by this Court.

Manufacturer would have us adopt a "second–best" solution to the problem. This solution would allow contribution from the employer only to the extent of the worker's compensation benefits received or to be received by the injured Employee. Thus, the Employer's interest in not paying more than the liability under the Worker's Compensation Act is preserved. Also, the Employee will continue to receive the swift, guaranteed, and non–fault benefits under the present worker's compensation system. The only significant changes the proposed system would bring about would be in the amounts the Insurer and the Manufacturer would be required to pay, as they would be entitled to credits from each other depending upon the findings of the trier of fact as to the negligence of the parties.[3]

Manufacturer has judicial support for his proposal. Illinois has allowed a manufacturer to recover contribution from an employer upon a showing of the employer's negligence. *Skinner v. Reed–Prentice Div. Etc.*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1977); *Stevens v. Silver Mfg. Co.*, 70 Ill.2d 41, 15 Ill.Dec. 847, 374 N.E.2d 455 (1977). (Full contribution was allowed in this case.) More importantly, Minnesota has adopted the precise position that Manufacturer advocates here in *Lambertson v. Cincinnati Corp.*, 257 N.W.2d 679 (Minn. 1977). The *Lambertson* Court recognized that there was no common liability between the parties and further recognized that tra-

---

**3.** Neither party has addressed the issue of the increase in cost of worker's compensation insurance should such a system be established. However, the Court can readily acknowledge that the costs of worker's compensation insurance would increase, with the ultimate cost falling on the consuming public.

ditionally such common liability must be present for contribution to be applicable. However, that Court concluded that since contribution was designed to achieve a fair allocation of loss among parties, that it should be a flexible, equitable remedy "utilized to achieve fairness on particular facts, unfettered by outworn technical concepts like common liability." 257 N.W.2d at 688. Limited contribution, to the extent of worker's compensation benefits paid or to be payable to the employee was allowed. Furthermore, Section 113 of the proposed Uniform Products Liability Law adopts the position outlined in the *Lambertson* decision, *supra*.

Manufacturer, by its well-prepared pleadings and arguments, creates an appealing alternative to the present system. But it must be remembered that this alternative does not solve all of the problems. For example, the proposal may well increase the volume of litigation that the worker's compensation system strives to eliminate. Furthermore, since the employer's liability is limited, the employer will not necessarily bear a full share of the economic costs of the injuries sustained by the employee. In addition the inevitable adjustment of the costs of worker's compensation insurance will tend to negate some of the advantages of the proposed system.

In view of the faults of Manufacturer's proposed system, this Court chooses not to abandon the present system in favor of one which may have just as many incongruities. The present system, even with its faults, is a workable system created by the Legislature. Any changes in the system would best be made again by the Legislature.

In view of the above, this Court chooses to retain the existing system by which the doctrine of contribution interrelates with the worker's compensation law. Consequently, this Court will not adopt Manufacturer's proposed changes. This Court holds that contributions may not be allowed from Employer to Manufacturer in this case, and the Motions to Dismiss should be granted.

However, this Court will renew the invitation of the *Abild* Court and respectfully suggests that the Iowa Legislature reexamine the worker's compensation system with the issues addressed herein specifically in mind.

Defendant Insurer has made a further Motion to Strike Manufacturer's third-party claim against them. Insurer contends that Iowa Rule of Civil Procedure 28, Code of Iowa Section 516.1, and Iowa case law clearly forbid a direct action against an insurer until a judgment against the insured has been returned unsatisfied. In view of the above ruling on the Motion to Dismiss, there is no longer any need or reason for defendant Insurer to remain in this lawsuit. In addition, there is merit to Insurer's contention that reference to it as an insurance carrier may be prejudicial. Therefore, defendant Insurer's Motion to Strike shall be granted. However, the Court would comment, without deciding, that the prior filing of a worker's compensation lien may negate the prohibition against direct actions against insurers that Iowa law would ordinarily impose.

Accordingly, IT IS ORDERED that:

The Motions to Dismiss for lack of subject matter jurisdiction filed on behalf of third-party defendants American Beef Packers, Inc. and The St. Paul Companies are granted, and

The Motion to Strike filed on behalf of third-party defendant The St. Paul Companies is granted.