(No. 46160.—)

ANITA BURKE, Admx., v. SKY CLIMBER, INC., *et al.*—(Sky Climber, Inc., Appellant, v. The Chicago Housing Authority, Appellee.)

*Opinion filed July 1, 1974.—Rehearing denied Sept. 26, 1974.*

Thomas W. Dempsey, Alvin E. Domash and Hugh C. Griffin, of Lord, Bissell & Brook, of Chicago, for appellant.

Jay A. Canel, Erwin I. Katz, and Joseph E. Fitzgerald, all of Chicago (Canel & Canel, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Anita Burke, individually and as the administratrix of the estate of her deceased husband, Mark Joseph Burke, filed an action in the circuit court of Cook County against Sky Climber, Inc. (hereafter Sky Climber), and other defendants seeking damages resulting from a fatal accident when her husband fell from a scaffold in 1969 while employed as a tuckpointer for the Chicago Housing Authority (C.H.A.). It was alleged that the accident resulted from a broken scaffold cable. Sky Climber thereafter filed a third-party action against C.H.A. praying that should judgment be entered against it in the Burke action then a like judgment be entered on its behalf against C.H.A. The circuit court dismissed Sky Climber's amended third-party complaint and found that there was no just reason for delaying appeal. (50 Ill.2d R. 304(a).) The appellate court affirmed (*Burke v. Sky Climber, Inc.*, 13 Ill. App. 3d 498) and we granted leave to appeal. The issue presented is whether a third-party indemnity action is proper under the pleadings.

In pertinent part, the Burke complaint averred that the accident was proximately caused by the defendants' careless and negligent design, manufacture, assemblage and distribution of a defective scaffold in that the scaffold device had inadequate cables and cable guides. This complaint also alleged that Sky Climber had not adequately tested and inspected the system prior to selling it to C.H.A. or warned of the defective condition of the cables.

An additional count was premised in strict tort

liability. It was alleged that the scaffold system had been defectively designed, manufactured and distributed so as to create an unreasonable danger to the users thereof.

Sky Climber admitted that it sold certain scaffolding equipment to C.H.A., but denied the remainder of the allegations in the Burke complaint. It further asserted, as a defense to the strict-tort-liability count, that the deceased assumed the risk of using the scaffolding equipment and that the deceased's misuse of the equipment was the proximate cause of his death.

The third-party complaint alleged that C.H.A.'s active wrongdoing and negligence were responsible for the accident and that Sky Climber was entitled to complete indemnity. It denied any responsibility for deceased's accident.

Specifically the third-party complaint averred that C.H.A. failed to properly maintain the scaffolding equipment after the purchase of the equipment several years before the accident; that the contents of the specific instruction manuals furnished to C.H.A. with the equipment were disregarded; that C.H.A. permitted the equipment to deteriorate despite warnings by Sky Climber as to proper maintenance; that C.H.A. failed to replace parts of the equipment, as suggested, which became worn due to the reasonable use of the system; that C.H.A. failed to inspect vital scaffold components that may have become worn and deteriorated due to normal use in accordance with the furnished instructions; that C.H.A. failed to train its employees in proper inspection and replacement methods as it had been advised by Sky Climber; and that C.H.A.'s misuse of the apparatus, as heretofore specified, had rendered it defective and dangerous, thereby creating "a new and defective scaffold." It concluded that if any responsibility for its conduct existed under law such conduct was only technical or passive in nature and furnished only a condition upon which C.H.A.'s active and more culpable wrongdoing operated to primarily occasion

the accident in question. The appellate court rejected the argument that indemnity should be permitted.

Sky Climber maintains that it could be adjudged liable in the Burke action for conduct which it describes as passive or technical negligence in failing to adequately test or inspect the scaffold at the time the device was sold to C.H.A. It asserts that such passive misconduct would not preclude indemnity against C.H.A., whose possible wrongdoing is characterized as active in nature due to the alleged misuse of the device by C.H.A. Further, Sky Climber argues that indemnity should not be prohibited to a manufacturer, who may be strictly liable in tort, when factual averments may sustain a knowing misuse of the product by an injured plaintiff's employer which could be the primary cause of the accident.

C.H.A. contends that in a case where a manufacturer is charged with negligently failing to discover a defect in a product it made, the manufacturer is guilty of active negligence not because it failed to detect the product deficiency during an inspection (which C.H.A. assumes may be classified as passive misconduct) but because this dereliction of duty was occasioned by an actively negligent production process in the first instance. C.H.A. concludes that Sky Climber's alleged negligence can only be classified as active and that as a matter of law indemnity is not proper under such circumstances. Regarding the strict-tort-liability count, C.H.A. maintains that to sustain a recovery it would have to be proved that the product was unreasonably dangerous at the time it left Sky Climber's control. C.H.A. primarily reasons that to permit indemnity for a manufacturer, who has been adjudged liable in strict tort liability, would be contrary to the underlying rationale of that tort concept.

It is unnecessary to consider these various contentions. We have recently reiterated the view that a complaint is subject to a motion to dismiss when the facts alleged therein would not entitle one to recovery. (*Winnett*

*v. Winnett,* 57 Ill.2d 7, 13; see also *Edgar County Bank and Trust Co. v. Paris Hospital, Inc.,* 57 Ill.2d 298.) Stated in another manner, a third-party complaint will be dismissed if it does not state a cause of action. *Muhlbauer v. Kruzel,* 39 Ill.2d 226, 230.

In *Muhlbauer* we affirmed the dismissal of a third-party action and we said at pages 231-32:

"*** Because a plaintiff may amend his complaint, even after trial, to conform the pleadings to the proof (Ill. Rev. Stat. 1965, chap. 110, par. 46), numerous decisions have emphasized the difficulty of determining, as a matter of law at the pleading stage, that 'in no event' would the defendant have an action over against the third-party defendant. [Citations.]

We recognize that the policy of section 25(2) [Ill. Rev. Stat. 1973, ch. 110, par. 25(2)] can be frustrated by a rigid and formal approach to the pleadings; nevertheless, a third-party complaint must disclose some relationship upon which a duty to indemnify may be predicated."

The record discloses that the Burke complaint sought to impose liability based solely on the condition of the scaffold system at the time it left Sky Climber's control. Sky Climber claimed that the accident was singularly caused by C.H.A.'s misuse and failure to follow Sky Climber's proper maintenance and operational instructions and was not due to any product defect or misconduct by Sky Climber. And, had Sky Climber's position been sustained by the evidence, it would have presented a successful defense in the Burke action and no indemnity action would have been necessary. In effect, the third-party complaint has alleged a defense and has not established the requisite relationship which would permit consideration of the propriety of an indemnity action under the circumstances.

Conversely, in its indemnity complaint Sky Climber

has asserted that, if its conduct gave rise to any liability, this activity was only a condition upon which C.H.A.'s more qualitatively culpable misconduct operated to primarily cause the accident. "Motions to dismiss or strike a pleading admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." (*Pierce v. Carpentier*, 20 Ill.2d 526, 531.) We find that the aforesaid allegation is vague, subject to conjecture and fails to properly assert a basis for indemnity.

For these reasons the judgment of the appellate court is affirmed.

*Judgment affirmed.*