(No. 49205.

ELBRIDGE ROBINSON v. INTERNATIONAL HAR-
VESTER COMPANY, Appellant.—(United States
Steel Corporation, Appellee.)

*Opinion filed December 12, 1977.—Opinion modified
January 26, 1978.*

WARD, C.J., and UNDERWOOD and DOOLEY, JJ., dissenting.

Pope & Driemeyer, of Belleville (W. Thomas Coghill, Jr., of counsel), for appellant.

Walker & Williams, of Belleville (Robert L. Gagen and David B. Stutsman, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The third-party plaintiff, International Harvester Company (plaintiff), appeals the judgment of the appellate court affirming the St. Clair County circuit court's dismissal of its second amended third-party complaint filed against United States Steel Corporation (44 Ill. App. 3d 439). The third-party complaint sought indemnification for any damages due Elbridge Robinson, an employee of ·United States Steel Corporation (employer), as a result of injuries received by him while operating an industrial truck manufactured by plaintiff. We granted plaintiff leave to appeal.

Robinson filed a two-count complaint against plaintiff alleging that he was injured when the rear portion of the industrial truck raised off the ground, and crushed him between the truck and a low ceiling. Count I of his complaint alleged, among other things, that the truck was not reasonably safe when sold or leased, in that it was not equipped with a protective canopy. Count II alleged, among other things, that plaintiff was negligent in failing

to equip the industrial truck with a protective canopy.

Plaintiff's third-party complaint alleged that the industrial truck was sold as a multipurpose piece of equipment and that various optional standard devices, including a protective canopy, were made available to the employer. It further alleged the employer knew that a protective canopy was available for purchase; that the employer's management determined the canopy was necessary for the protection of the operator; that the employer knew or should have known of the dangers associated with operating the truck in the given location, but that it failed to purchase the device and placed the vehicle into operation without installing one of its own.

Count I of the complaint alleged negligence and count II alleged willful and wanton misconduct. Both counts sought total indemnification.

Plaintiff argues that where a manufacturer is held liable for injuries sustained by an employee by reason of its failure to install certain optional safety equipment, such manufacturer should be entitled to maintain an action for indemnity or contribution against the purchaser-employer who refused or failed to purchase the devices. The employer, on the other hand, argues that plaintiff proceeded on its theory of indemnification in the trial court and, therefore, should be estopped from raising the issue of contribution in this court. It further argues that, under present law, a manufacturer is not entitled to maintain an action against a third-party purchaser for either contribution or indemnity where the manufacturer's liability is premised on strict liability in tort.

The primary issue presented in this appeal has been discussed and decided in *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, and *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1. In these cases, this court held that, as between the manufacturer and a purchaser-employer, a manufacturer is

entitled to maintain an action for contribution on a theory of comparative liability where it is alleged that the employer's misuse of the product and/or assumption of risk contributed to the employee's injury.

Plaintiff's request for indemnification, rather than contribution, is not a fatal pleading defect which requires dismissal of the complaint. We note that at the time plaintiff's complaint was filed, an action for contribution or indemnification was not permissible under then-existing law. In *Stevens,* this court allowed the cause of action based on contribution, even though the plaintiff had pleaded negligence and willful and wanton misconduct and had sought partial indemnity. (*Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 46.) Here, as in *Stevens,* plaintiff's pleadings are couched in terms of negligence and willful and wanton misconduct, but, in essence, allege misuse of the product and/or assumption of risk. The fact plaintiff's prayer for relief requests total indemnification, rather than partial indemnification, as in *Stevens,* does not require the dismissal of the complaint under the circumstances presented here.

Accordingly, the judgments of the circuit and appellate courts are reversed and the cause is remanded to the circuit court of St. Clair County for further proceedings consistent with this opinion.

On the court's own motion, the decision in this cause will apply prospectively to causes of action arising out of occurrences on and after March 1, 1978. See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 16-17.

*Reversed and remanded.*

MR. CHIEF JUSTICE WARD, dissenting:

I dissent for the reasons stated in my dissenting opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 17.

MR. JUSTICE UNDERWOOD, dissenting:

For the reasons set forth in my dissent in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 20, I cannot agree with the court here.

MR. JUSTICE DOOLEY, dissenting:

I dissent for the reasons stated in my dissenting opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 22.