(No. 48974.

RONALD STEVENS v. SILVER MANUFACTURING COMPANY *et al.,* Appellants.—(General Box Company, Appellee.)

*Opinion filed December 12, 1977.—Modified on denial of rehearing January 26, 1978.—Opinion modified March 1, 1978.*

42

WARD, C.J., and UNDERWOOD and DOOLEY, JJ., dissenting.

John M. Lamont and Timothy J. Reuland, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora (James F. Whitfield, of Wheaton, of counsel), for appellants.

Elliot R. Schiff (Marvin Riman, Richard Sawislak, and Francis J. Marasa, of Sweeney & Riman, Ltd., of Chicago, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Ronald Stevens, filed this action in the circuit court of Kane County seeking to recover damages for personal injuries suffered while operating a shredding machine manufactured by defendant Silver Manufacturing Company, d/b/a Industrial Shredder and Cutter Company, and which had been assembled and installed by defendant Steelcraft Corporation upon the premises of General Box Company. Silver and Steelcraft filed third-party complaints against General Box, by whom plaintiff was employed at the time of his injury. The circuit court denied General Box's motion to dismiss the third-party complaints and pursuant to Rule 308 (58 Ill. 2d R. 308) certified four questions for appeal. The appellate court allowed General Box's application for leave to appeal and reversed without remandment (41 Ill. App. 3d 483), and we have allowed Silver and Steelcraft's petition for leave to appeal.

The pleadings are described in detail and the questions certified are set forth verbatim in the opinion of the appellate court and need not be repeated here. It suffices to say that the plaintiff sought to recover on the basis of strict liability in tort while the third-party complaints

allege negligence and wilful and wanton misconduct on the part of General Box. In each instance the third-party plaintiff seeks indemnity from General Box "of all or part" of the sum that it was required to pay in settlement of plaintiff's claim, together with expenses and attorney's fees incurred in its defense. Silver and Steelcraft contend that the appellate court erred in holding that their third-party complaints did not state a cause of action and that, although total indemnity would be an appropriate result in this case, "the Illinois law of strict product liability has developed concepts of fault which invite equitable apportionment of the economic risk of loss among all responsible parties." They argue that indemnity "through equitable apportionment is a workable and just solution to third-party practice in Illinois" and that unjust and harsh results follow the application of the rules enunciated by the appellate court. General Box contends that the third-party complaints fail to state a cause of action, that where the original liability is based on strict liability in tort indemnity is limited to "upstream" actions, and that the "qualitative distinctions in negligence do not serve as a basis for indemnity for strict liability in tort actions." They argue too that a manufacturer's liability arising in strict tort liability is qualitatively "active."

In *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, upon consideration of contentions similar to those made here, we concluded that on the facts there alleged and for purposes of the motion admitted, there was no sound reason for the application of the no-contribution rule. We held, therefore, that the governing equitable principles required that ultimate liability for plaintiff's injuries be apportioned on the basis of the relative degree to which the defective product and the employer's conduct proximately caused them.

We consider next General Box's contention that "indemnity and product liability is limited to 'upstream'

actions." Citing *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.,* 62 Ill. 2d 77, it argues that the major purpose of strict liability is to place the loss caused by defective products on those who created the risk and reaped the profit from placing the product in the stream of commerce. It contends that indemnity should therefore be limited to those whose handling of the defective product was "upstream" or prior to that of the third-party plaintiff, and that no indemnity has been permitted nor should be permitted against "downstream" or subsequent users or consumers. We do not agree. As we said in *Skinner:* "Misuse of the product or assumption of the risk by a user will serve to bar his recovery (*Williams v. Brown Manufacturing Co.,* 45 Ill. 2d 418), and indemnity is not available to one who misuses the product or assumes the risk of its use (*Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.,* 62 Ill. 2d 77). We are of the opinion that if the manufacturer's third-party complaint alleges that the employer's misuse of the product or assumption of the risk of its use contributed to cause plaintiff's injuries, the manufacturer has stated a cause of action for contribution." 70 Ill. 2d 1, 15.

Citing the majority view of the Study Committee (see *Study Committee Report on Indemnity, Third Party Actions and Equitable Contributions,* 1976 Report of the Illinois Judicial Conference), General Box argues that the increase in workmen's compensation benefits can be construed to indicate the legislative intent that employers not be subjected to actions for contribution. We do not agree. As we said in *Skinner*: "The fact that the employee's action against the employer is barred by the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, pars. 138.5, 138.11) would not preclude the manufacturer's third-party action against the employer for indemnification (*Miller v. DeWitt,* 37 Ill. 2d 273) and should not serve to bar its action for contribution."

Although the third-party complaints are couched in terms of negligence and wilful and wanton misconduct, they allege misuse of the product and assumption of risk. Although stated in terms of partial indemnity rather than contribution, the prayer for relief clearly seeks contribution based on the relative degree to which the employer's misuse of the product or assumption of the risk contributed to cause plaintiff's injuries. For the reasons stated, the judgment of the appellate court is reversed and the cause is remanded to the circuit court of Kane County for further proceedings consistent with this opinion.

On the court's own motion, the decision in this cause will apply prospectively to causes of action arising out of occurrences on and after March 1, 1978. See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1.

*Reversed and remanded.*

MR. CHIEF JUSTICE WARD, dissenting:

I dissent for the reasons stated in my dissenting opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 17.

MR. JUSTICE UNDERWOOD, dissenting:

For the reasons set forth in my dissent in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 20, I cannot agree with the court here.

MR. JUSTICE DOOLEY, dissenting:

I dissent for the reasons stated in my dissenting opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 22.