WILLIAM MICHAEL GUNDERSON, Plaintiff, *v.* GOODALL RUBBER COMPANY *et al.*, Defendants—(Goodall Rubber Company, Third-Party Plaintiff-Appellant, *v.* Schwerman Trucking Company, Third-Party Defendant-Appellee).

First District (4th Division)   No. 82—2140

Opinion filed December 29, 1983.

JIGANTI, J., dissenting.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Lloyd E. Williams, Jr., of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Richard G. French and Dorothy F. French, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Third-party plaintiff Goodall Rubber Company appeals from the dismissal with prejudice of its third-party action for indemnification against third-party defendant Schwerman Trucking Company. Goodall contends that the Illinois Supreme Court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455, overruled a line of appellate court cases which had barred a manufacturer or distributor who had been sued in strict liability from maintaining a "downstream" indemnity action.

Because we find that the holdings of *Skinner* and its companion cases are not applicable to this cause we affirm the trial court's dismissal without reaching the merits of Goodall's construction of those cases.

On August 25, 1977, William Gunderson, an employee of Schwerman, was severely injured when a rubber hose ruptured, causing a caustic substance to burn his eyes. Gunderson filed a personal injury suit, based on a products liability theory, against, *inter alia*, the manufacturer of the hose (Goodall Rubber Company of Canada, Limited), the distributor of the hose (third-party plaintiff Goodall), and a broker (Hi-Way Power and Equipment Corporation) which had ordered the hose from Goodall and then sold it to Schwerman.

While that action was pending Goodall filed a third-party action against, *inter alia*, Schwerman seeking contribution. That contribution action was stricken on the motion of the third-party defendants. Ultimately Gunderson's products liability action was successful and a verdict assessing damages against all three defendants was returned. The jury also found in a special interrogatory that at the time the

hose left defendants' control it was in an unreasonably dangerous condition that was a proximate cause of the injury to Gunderson.

During the pendency of defendants' post-trial motions Goodall obtained leave to file a second amended complaint against, *inter alia*, Schwerman. This complaint added a new count seeking indemnification against Schwerman. In that count Goodall alleged that its liability, if any, was passive and that of Schwerman was "active" in that Schwerman improperly used the hose. The trial court granted Schwerman's motion to dismiss and this appeal ensued. Goodall's notice of appeal also sought review of the dismissal of its contribution counts against Schwerman, but Goodall appears to have abandoned that portion of its appeal by only requesting that this court reverse and remand as to the indemnity action. In any event it is clear that the contribution action was barred because it was based on a cause of action arising before March 1, 1978. Ill. Rev. Stat. 1979, ch. 70, par. 301; *Van Slambrouck v. Economy Baler Co.* (1983), 120 Ill. App. 3d 843.

Goodall concedes that under the specific holdings of this court in such cases as *Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 301 N.E.2d 41, *affirmed on other grounds* (1974), 57 Ill. 2d 542, 316 N.E.2d 516, *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104, and *Stevens v. Silver Manufacturing Co.* (1976), 41 Ill. App. 3d 483, 355 N.E.2d 145, *reversed* (1977), 70 Ill. 2d 41, 374 N.E.2d 455, it would be barred from bringing an indemnity action "downstream" against an employer-user such as Schwerman. However Goodall contends that in *Stevens* and *Skinner* our supreme court, addressing the issue for the first time, held that such "downstream" indemnity actions, brought under a theory of active/passive negligence, were permissible.

We do not reach the merits of this contention, which has been the subject of a great deal of discussion and speculation. (We have recently reviewed this controversy in *Van Slambrouck v. Economy Baler Co.* (1983), 120 Ill. App. 3d 843.) We hold, as we did in *Van Slambrouck*, that because the holdings of *Skinner*, *Stevens*, and the companion case of *Robinson v. International Harvester Co.* (1978), 70 Ill. 2d 47, 374 N.E.2d 458, were specifically made applicable only to causes of action arising on or after March 1, 1978, Goodall's indemnity action was properly dismissed as arising from an injury occurring before that date.

Goodall contends in a single footnote to its brief that this prospective application related only to those portions of the opinions relating to contribution. We find no such limitation in the clear language of the court. We also note that this court has previously construed *Skin-*

*ner* in a similar fashion in two cases which also concerned the application of alleged changes in the law of indemnity. *Phillips Petroleum Co. v. Norfolk & Western Ry.* (1981), 96 Ill. App. 3d 1093, 1096, 422 N.E.2d 138, 141; *Old Second National Bank v. Bynal Products, Inc.* (1979), 79 Ill. App. 3d 432, 434, 398 N.E.2d 626, 628.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON, J., concurs.

JUSTICE JIGANTI, dissenting:
In a trilogy of cases, the Illinois Supreme Court has clearly decided that the manufacturer of a defective product may proceed downstream to seek contribution from other allegedly culpable defendants. In *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455, and *Robinson v. International Harvester Co.* (1978), 70 Ill. 2d 47, 374 N.E.2d 458, the court adopted and developed the theory of contribution among joint tortfeasors, thus permitting a manufacturer to maintain an action downstream for contribution. In doing so the court expressly reversed a century of rulings in a substantial body of case law. In my judgment the Illinois Supreme Court also sanctioned such a downstream action for cases involving the historic legal principle of indemnity. For a background discussion of the law of indemnity, see Restatement of Restitution secs. 76-102 (1937).

This case concerns indemnity, not contribution. The Illinois Appellate Court has ruled in a number of cases that a manufacturer may not seek indemnity against a downstream party, such as the employer in the instant case. The appellate court's rationale is that public policy is contravened if a manufacturer is allowed to bring such a downstream action or that a manufacturer owes a more stringent duty to the injured plaintiff, which in turn prevents such an action. See *Kossifos v. Louden Machinery Co.* (1974), 22 Ill. App. 3d 587, 317 N.E.2d 749; *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104; *Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 301 N.E.2d 41, *aff'd* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.

The Illinois Supreme Court has never specifically considered whether a manufacturer may proceed downstream against another allegedly culpable party in an indemnity action. The lead case, *Skinner*, concerned contribution, not indemnity. While the parties in *Stevens*

and *Robinson* sought indemnity rather than contribution, both cases were reversed and remanded to the circuit court for proceedings consistent with the *Skinner* opinion. *Skinner* specifically attacks the rationale advanced in the appellate court cases which prohibit downstream actions for indemnity. *Skinner* states:

"Citing *Texaco, Inc. v. McGrew Lumber Co.*, 117 Ill. App. 2d 351, *Kossifos v. Louden Machinery Co.*, 22 Ill. App. 3d 587, and *Burke v. Sky Climber, Inc.*, 57 Ill. 2d 542, the employer argues that a defendant held strictly liable in tort is precluded from seeking contribution 'because public policy requires that its liability to an original plaintiff be considered active' and that the duty imposed in strict liability is more stringent than in cases involving negligence. We do not agree. The public policy considerations which motivated the adoption of strict liability (see *Suvada v. White Motor Co.*, 32 Ill. 2d 612) were that the economic loss suffered by the user should be imposed on the one who created the risk and reaped the profit, including everyone from the manufacturer on through to the seller or any one of them. When the economic loss of the user has been imposed on a defendant in a strict liability action the policy considerations of *Suvada* are satisfied and the ordinary equitable principles governing the concepts of indemnity or contribution are to be applied." (70 Ill. 2d 1, 14, 374 N.E.2d 437, 442-43.)

When *Skinner, Stevens* and *Robinson* are read together, I believe that the supreme court overruled the prior appellate court indemnity cases, thereby allowing downstream actions for indemnity, as well as for contribution.

The next question is whether this ruling should be prospective. In *Skinner*, the ruling concerning contribution was prospective; the supreme court utilized the rationale adopted in *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 27, 163 N.E.2d 87, 97: "[A]n overruling decision should be given only prospective operation whenever injustice or hardship due to reliance on the overruled decisions would thereby be averted." Both *Skinner* and *Molitor* concerned supreme court cases which were overturned by subsequent supreme court decisions. No such situation applies in this case. The supreme court was not overruling its own decision; it was overruling the decision of an appellate court. Consequently, prospective application is not appropriate.

For the reasons stated I would reverse the decision of the trial court.