MICHAEL J. VAN SLAMBROUCK, Plaintiff, *v.* ECONOMY BALER COMPANY, Defendant and Counterplaintiff-Appellant—(Marshall Field & Company, Counterdefendant-Appellee).

First District (4th Division)   No. 82—1446

Opinion filed December 29, 1983.

JIGANTI, J., dissenting.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Harry J. Marquard and Harry Ray Chiles, Jr., of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Charles H. Cole and Stephen R. Swofford, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Counterplaintiff Economy Baler Company (Economy) appeals from an order of the circuit court of Cook County granting the motion of counterdefendant Marshall Field & Company (Fields) to dismiss Economy's amended counterclaim for indemnity and contribution.

We affirm.

On November 10, 1973, the plaintiff, Michael Van Slambrouck, was injured by a paper baling machine manufactured by Economy and operated by Fields. Plaintiff originally sued Economy and Fields solely in strict products liability. In April 1975 plaintiff added a count against Fields for negligence. After discovery was completed plaintiff, on October 6, 1976, moved to dismiss with prejudice his suit against Fields. A counterclaim for indemnity filed by Fields against Economy was dismissed at the same time.

On August 30, 1979, plaintiff moved to vacate the dismissal, contending that a recent inspection by Economy had revealed that the paper baling machine had malfunctioned because Fields' employees had removed parts from it. In a section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72) petition filed September 18, 1979, plaintiff alleged that Fields had fraudulently concealed those actions of its employees by stating in answer to interrogatories that no modification to the machine had been made. After hearings the trial court denied the petition and the motion, finding that there had been no fraudulent concealment by Fields. Plaintiff also attempted to file a new suit against Fields and Economy, but on March 4, 1980, that complaint was dismissed with prejudice on Fields' motion.

Plaintiff appealed from that order and from the earlier order denying his section 72 petition and his motion to vacate the order of voluntary dismissal. In *Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 424 N.E.2d 679, this court affirmed the trial court's refusal to vacate the voluntary dismissal, holding that plaintiff had abandoned his claim against Fields. We dismissed plaintiff's appeal from the denial of the section 72 petition because the appeal was untimely. We also dismissed the appeal from the dismissal of plaintiff's

new complaint because that order did not contain a Rule 304(a) finding of no just reason to delay enforcement or appeal. (87 Ill. 2d R. 304(a).) After remand, the 304(a) finding was entered but plaintiff took no subsequent appeal.

On March 28, 1980, plaintiff filed a fifth amended complaint against Economy, for the first time including a negligence count in addition to the strict liability claim. Economy stipulated to the filing of this complaint. Plaintiff alleged in that complaint that Economy was negligent in selling a product it knew or should have known was dangerous, in failing to warn of the danger of removing parts, in failing to design the machine so as to prevent removal of parts, in failing to properly inspect and test the machine, in failing to provide adequate instructions on safe usage, and in failing to provide adequate safety features. Economy filed a counterclaim against Fields, seeking indemnity based on active/passive negligence. Economy alleged that any negligence on its part (which it denied in any event) would be passive or technical fault, and that Fields was actively or primarily at fault in having removed certain parts from the machine and permitting operation of the machine without those parts, in permitting operation of the machine with certain damaged parts, in failing to properly instruct the plaintiff on usage, and in failing to warn plaintiff of the absence of certain parts. Economy subsequently filed an amended counterclaim which included one count identical to the original counterclaim and added a count for contribution. Fields moved to dismiss the amended counterclaim and after full briefing and argument the trial court granted that motion on alternative bases. The court found that the counterclaim was barred under collateral estoppel principles because of the prior adjudication on the merits of the claim by plaintiff against Fields. The court also held that contribution was barred because the cause of action arose before March 1, 1978. Finally the court held that the count for indemnification under a theory of active/passive negligence would be dismissed because Economy as manufacturer of the machine was actively negligent as a matter of law. Economy then brought this appeal from that order.

■ As we have noted, one count of Economy's amended counterclaim sought contribution from Fields. Under the holding of *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and as subsequently provided by statute (Ill. Rev. Stat. 1979, ch. 70, par. 301), the right of contribution applies only to causes of action arising on or after March 1, 1978. This cause of action arose on November 10, 1973, and thus the trial court properly dismissed the claim for contribution. *Johnson v. Hoover Water Well*

*Service, Inc.* (1982), 108 Ill. App. 3d 994, 439 N.E.2d 1284; *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 425 N.E.2d 1359.

■ The other count of Economy's dismissed amended counterclaim sought indemnity based on active/passive negligence. Again, however, case law makes clear that the count was properly dismissed. Until the Illinois Supreme Court issued *Skinner* and its companion cases (*Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455; *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, 374 N.E.2d 458), Illinois case law clearly had established that a manufacturer could not bring an indemnity action against an employer-user of a product under a theory of active/passive negligence whether the manufacturer had been sued in negligence (because the manufacturer was deemed to be actively negligent as a matter of law (*Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 301 N.E.2d 41, *aff'd on other grounds* (1974), 57 Ill. 2d 542, 316 N.E.2d 516; *Robinson v. International Harvester Co.* (1976), 44 Ill. App. 3d 439, 358 N.E.2d 317, *rev'd* (1977), 70 Ill. 2d 47, 374 N.E.2d 458)), or in strict liability (because as a matter of policy active/passive negligence theories of indemnity were not applicable in cases of strict liability (*Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104; *Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 301 N.E.2d 41, *aff'd on other grounds* (1974), 57 Ill. 2d 542, 316 N.E.2d 516; *Stevens v. Silver Manufacturing Co.* (1976), 41 Ill. App. 3d 483, 355 N.E.2d 145, *rev'd* (1977), 70 Ill. 2d 41, 374 N.E.2d 455)). *Robinson* and *Stevens* were both reversed by the Illinois Supreme Court in conjunction with its adoption of contribution in *Skinner*. In both *Robinson* and *Stevens* the court appeared to treat the indemnity actions at issue as ones for contribution or "partial indemnity." It has been suggested by one panel of this court and by at least one commentator that by introducing contribution in these cases the Illinois Supreme Court has restricted the concept of implied indemnity based on active/passive negligence to actions in which some form of a pretort relationship could be shown. (*Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 422 N.E.2d 979; Zaremski and Cottrell, *Risk Shifting Devices & Third-Party Practice: The Impact of Skinner & Alvis*, 14 Loy. U. Chi. L.J. 467, 477 (1983).) Other commentators have suggested that by introducing contribution in those cases the court eliminated active/passive indemnity since it had only been developed by the courts in response to the harshness of the rule against contribution. (Note, *Implied Indemnity After Skinner and the Illinois Contribution Act: The Case for a Uniform Standard*, 14 Loy. U. Chi.

L.J. 531 (1983); Widland, *Contribution: The End to Active-Passive Indemnity*, 69 Ill. B.J. 78 (1980); Note, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. 173, 196-98 (1980).) However at least one other panel of this court has in *dictum* construed *Stevens* as having expanded active/passive indemnity actions to include actions against an employer-user by a manufacturer sued in strict liability. (*Kosovrasti v. Kux Machine Co.* (1978), 58 Ill. App. 3d 892, 894, 375 N.E.2d 832, 833.) We leave the resolution of these issues for another day because in any event the Illinois Supreme Court made its holdings in *Robinson, Stevens,* and *Skinner* applicable only to causes of action arising on or after March 1, 1978. Thus the trial court in this cause properly applied the law in force prior to those holdings in dismissing this count.

Because of our resolution of these aspects of the trial court's rulings we do not reach the issue of whether the voluntary dismissal of plaintiff's cause of action against Fields barred Economy's counterclaim against Fields on grounds of collateral estoppel, an issue on which there is presently conflicting authority in Illinois. Compare *Gay v. Open Kitchens, Inc.* (1981), 100 Ill. App. 3d 968, 427 N.E.2d 338, with *Karon v. E. H. Marhoeffer, Jr., Co.* (1973), 14 Ill. App. 3d 274, 302 N.E.2d 478.

The judgment of the trial court is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

For the reasons set forth in my dissent in *Gunderson v. Goodall Rubber Co.* (1983), 120 Ill. App. 3d 748, I cannot agree with the court here.