(Nos. 59708, 59709 cons

MICHAEL J. VAN SLAMBROUCK *et al.* v. ECONOMY BALER COMPANY *et al.* (Economy Baler Company, Appellant, v. Marshall Field & Company, Appellee).— WILLIAM MICHAEL GUNDERSON v. GOODALL RUBBER COMPANY *et al.* (Goodall Rubber Company, Appellant, v. Schwerman Trucking Company, Appellee).

*Opinion filed February 22, 1985.—Rehearing denied March 29, 1985.*

SIMON, GOLDENHERSH and RYAN, JJ., dissenting.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Henry J. Marquard, Harry Ray Chiles, Jr., and Nancy Jo Arnold, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Charles H. Cole and Stephen R. Swofford, of counsel), for appellee.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll and Lloyd E. Williams, Jr., of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Richard G. French, Dorothy F. French and Russell P. Veldenz, of counsel), for appellee.

CHIEF JUSTICE CLARK delivered the opinion of the court:

We have consolidated the following two cases for review, Van Slambrouck v. Economy Baler Company, No. 59708 (*Van Slambrouck*), and Gunderson v. Goodall Rubber Company, No. 59709 (*Gunderson*). First, we will set forth the facts of each case. Then, we will discuss the issues presented by these two cases.

The procedural history of *Van Slambrouck* is long and involved. Because of our holding in the case it is not necessary to set forth the *Van Slambrouck* facts in detail. Michael Van Slambrouck worked for a janitorial service, Lein Chemical Company. Marshall Field and Company (Field's) hired Lein Chemical to service its Old Orchard store. On November 10, 1973, Van Slambrouck's

left foot was amputated while using a paper-baling machine at work. Economy Baler Company (Economy) manufactured the baling machine, Field's owned the machine, and Lein Chemical used the machine.

Van Slambrouck sued Economy and Field's in the circuit court of Cook County in July 1974. However, Van Slambrouck voluntarily dismissed Field's with prejudice as a defendant in the case on October 6, 1976.

On August 30, 1979, Van Slambrouck moved to vacate the October 6, 1976, order which dismissed Field's from the case. In Van Slambrouck's motion, he contended that a recent inspection by Economy revealed that the paper-baling machine malfunctioned because Field's employees had removed parts from the machine. The circuit court denied the motion.

On November 15, 1979, Van Slambrouck again sued Field's. This complaint was dismissed with prejudice on March 4, 1980.

Van Slambrouck filed a fifth amended complaint against Economy on March 28, 1980. Count I of the amended complaint alleged strict products liability, and count II alleged negligence. Economy then filed a counterclaim against Field's on April 7, 1980, seeking indemnity based on active/passive negligence. On November 13, 1981, Economy amended the counterclaim seeking either indemnity or contribution. Field's motion to dismiss the amended counterclaim was granted. The circuit court held: (1) that Economy's counterclaim was barred by the prior adjudication that Field's was not negligent with regard to Van Slambrouck (the October 1976 voluntary dismissal with prejudice); (2) that since Economy was the manufacturer of the product it was actively negligent as a matter of law and, therefore, could not maintain an indemnity action based on active/passive negligence against a downstream owner such as Field's; and (3) that contribution was unavailable to Economy because of this

court's decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1.

Economy appealed the circuit court's dismissal of its amended counterclaim. The appellate court affirmed the circuit court on the indemnity and contribution issues. (120 Ill. App. 3d 843.) Because of its holding the appellate court did not reach the issue of whether Economy's counterclaim was barred by the prior adjudication that Field's was not negligent. Economy then petitioned this court for leave to appeal, and we allowed the petition. (We note that *Van Slambrouck* has not gone to trial.)

Before we discuss the merits of *Van Slambrouck*, we will set forth the facts of *Gunderson*. William Gunderson was employed by Schwerman Trucking Company (Schwerman). On August 25, 1977, Gunderson was severely injured at work when a rubber hose ruptured and caused a caustic substance to burn his eyes. As a result of the injuries, Gunderson lost his sight.

Gunderson filed a lawsuit based on a theory of products liability against Goodall Rubber Company of Canada, Ltd., the manufacturer of the hose; Goodall Rubber Company (Goodall), the distributor of the rubber hose, and Hi-Way Power and Equipment Corporation, a broker which had ordered the rubber hose from Goodall and then sold it to Schwerman.

Goodall filed a third-party action against Schwerman seeking contribution. Schwerman moved to strike Goodall's contribution claim, and the motion was granted.

Gunderson's case proceeded to trial. A jury in the circuit court of Cook County awarded a verdict to Gunderson, assessing damages in the amount of $5 million against all three defendants. In a special interrogatory, the jury found that the rubber hose was in an unreasonably dangerous condition when it left the control of all three defendants and that the unreasonably dangerous

condition was a proximate cause of Gunderson's injury.

While post-trial motions were pending, Goodall obtained leave to file a second amended complaint against Schwerman seeking indemnity. Goodall alleged that if it was negligent at all, it was passively negligent and that Schwerman was actively negligent since Schwerman used the hose improperly. Schwerman moved to dismiss the amended complaint and the circuit court granted the motion. Goodall then appealed to the appellate court. 120 Ill. App. 3d 748.

Goodall's notice of appeal to the appellate court sought review of the circuit court's order dismissing Goodall's contribution claim and indemnity claims against Schwerman. However, Goodall's only request was that the appellate court reverse and remand the circuit court's order with respect to the indemnity claim. The appellate court noted that the contribution action would have been barred because the cause of action arose before March 1, 1978, the date contribution became available in Illinois.

With regard to its indemnity action, Goodall argued that *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, and *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, allowed " 'downstream' indemnity actions, brought under a theory of active/passive negligence." (120 Ill. App. 3d 748, 750.) The appellate court held, however, that those cases and their companion case of *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, only applied to causes of action arising on or after March 1, 1978. Therefore, the court held that Goodall's indemnity action was properly dismissed since the cause of action arose before March 1, 1978.

Goodall filed a petition for leave to appeal with this court, and we granted the petition. We consolidated the appeal in *Gunderson* with the appeal in *Van Slambrouck*.

Having set forth the facts of *Van Slambrouck* and *Gunderson,* we now turn to the issues presented in these cases. The issues in *Van Slambrouck* are: (1) whether we should modify the prospective application of our holding in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, which held that the right to contribution applies only to causes of action arising on or after March 1, 1978; (2) whether the manufacturer of a product can maintain an indemnity action against a user of the product when the cause of action arose prior to March 1, 1978; and (3) whether Van Slambrouck's voluntary dismissal of Field's from the case with prejudice bars Economy's counterclaim against Field's. In *Gunderson* the issue is whether the distributor of a product can maintain an indemnity action when the distributor's liability is based on strict liability and the cause of action arose prior to March 1, 1978.

We begin our analysis with a discussion of the contribution issue in *Van Slambrouck.* Economy argues that this court should modify the date which was set as the effective date that contribution would be available in this State (March 1, 1978) and to now allow contribution to be available to all cases tried on or after June 8, 1981, the date that comparative negligence became applicable to cases. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1.) Economy argues that the "three year gap results in an injustice to Economy by subjecting it to comparative negligence without allowing it to have the benefit of contribution from Marshall Field for this accident." Because of this perceived injustice, Economy has asked this court to modify our ruling in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, by allowing all cases tried on and after the date of our opinion in this case to be governed by both comparative negligence and contribution.

As we stated in *Skinner, Stevens v. Silver Manufac-*

*turing Co.* (1977), 70 Ill. 2d 41, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, contribution only applies to causes of action arising out of occurrences on or after March 1, 1978. In addition to our holdings in these three cases, the legislature has provided by statute that the right of contribution applies only to causes of action arising on or after March 1, 1978. (Ill. Rev. Stat. 1983, ch. 70, par. 301.) Since the cause of action in this case arose on November 10, 1973, contribution does not apply. Therefore, the appellate court properly affirmed the circuit court's order dismissing Economy's claim for contribution.

We now turn to the indemnity issues presented in *Van Slambrouck* and *Gunderson.* We begin by noting that "a third-party complaint will be dismissed if it fails to state a cause of action by the defendant against the third-party defendant." (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230.) "Indemnity *** is a common law doctrine providing for the complete shifting of liability on a showing that there was a pre-tort relationship between the guilty parties and a qualitative distinction between their conduct." (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349.) Therefore, to state a cause of action for indemnity, the third-party complaint must allege: (1) a pretort relationship between the third-party plaintiff and the third-party defendant, and (2) a qualitative distinction between the conduct of the third-party plaintiff and the third-party defendant.

In both *Van Slambrouck* and *Gunderson,* the third-party defendants, Field's and Schwerman, have noted that the third-party plaintiffs, Economy and Goodall, have failed to allege a pretort relationship on which to base their indemnity actions; a pretort relationship gives rise to the duty to indemnify. *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 612.

Classic pretort relationships which have given rise to

a duty to indemnify include: lessor and lessee (*Mierzejwski v. Stronczek* (1968), 100 Ill. App. 2d 68); employer and employee (*Embree v. DeKalb Forge Co.* (1964), 49 Ill. App. 2d 85); owner and his lessee (*Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12); master and servant (*Gulf Mobile & Ohio R.R. Co. v. Arthur Dixon Transfer Co.* (1951), 343 Ill. App. 148). In *Reynolds v. Illinois Bell Telephone Co.* (1964), 51 Ill. App. 2d 334, and *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill. App. 2d 187, indemnity was permitted even though there was no pretort relationship alleged and/or proved between the third-party plaintiff and the third-party defendant. However, in *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231-32, this court stated, "[A] third-party complaint must disclose some relationship upon which a duty to indemnify may be predicated."

We do not find the required allegation of a pretort relationship in either Economy's or Goodall's indemnity claims. Therefore, we hold that Economy's and Goodall's indemnity claims failed to state a cause of action against Field's and Schwerman.

Because of the third-party plaintiffs' failure to state a cause of action for indemnity, we need not decide the indemnity issues which were set forth earlier, namely, whether the manufacturer of a product can maintain an indemnity action against a user of the product when the cause of action arose prior to March 1, 1978, and whether the distributor of a product can maintain an indemnity action when the distributor's liability is based on strict liability and the cause of action arose prior to March 1, 1978.

Because of our holding in *Van Slambrouck,* we need not discuss whether Economy's counterclaim was barred by the prior adjudication that Field's was not negligent. (The October 6, 1976, voluntary dismissal of Field's was with prejudice.)

Before we conclude, we will comment on an issue raised in Goodall's brief. That issue is whether indemnity continues to be a viable cause of action *after* March 1, 1978, the date contribution became available in Illinois. In *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, we noted that this was an important issue which awaits resolution. We still believe this to be true. However, the causes of action before this court occurred prior to the date contribution became available. Therefore, it is inappropriate to address this issue here.

Hence, we affirm the judgments of the appellate court in *Van Slambrouck* and *Gunderson*, for the reasons set forth above.

*Judgments affirmed.*

JUSTICE SIMON, dissenting:

The active-passive theory of indemnification has been defined as follows: "where one does the act which produces the injury and the other does not join in the act but is thereby exposed to liability and suffers damage the latter may recover against the principal delinquent, and the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary cause of the injury. [Citations.]" (*Griffiths & Son Co. v. National Fireproofing Co.* (1923), 310 Ill. 331, 339.) The majority opinion dismisses this appeal because "the third-party plaintiffs, Economy and Goodall, have failed to allege a pretort relationship on which to base their indemnity actions; ***." (105 Ill. 2d at 469.) I believe both third-party plaintiffs have alleged sufficient pretort relationships to satisfy the pleading requirements for an indemnity action. If, however, they have failed to meet some technical requirement, I would allow them leave to amend their complaints to allege pretort relationships, because they clearly exist.

In Economy Baler's action, Economy's relationship to

Marshall Field satisfies the requirement the majority finds lacking. Marshall Field purchased the machine directly from Economy, and this seller-purchaser relationship existed prior to the tort. In *Campbell v. Joslyn Manufacturing & Supply Co.* (1965), 65 Ill. App. 2d 344, the appellate court reversed the circuit court's dismissal of a third-party action between a manufacturer and the purchaser based on an active-passive theory. Likewise, in *SW (Delaware), Inc. v. American Consumers Industries, Inc.* (Del. 1982), 450 A.2d 887, the Delaware Supreme Court, while dismissing an action for indemnification, noted that a manufacturer could bring an action for indemnity against a purchaser if the factual situation supported such a theory. (See also Annot., 28 A.L.R.3d 943, 981-87 (1969).) Moreover, the manufacturer-purchaser relationship is indistinguishable in substance from the "classic pretort relationships" of lessor-lessee, employer-employee, owner-lessee and master-servant referred to by the majority. (105 Ill. 2d at 469-70.) Therefore, Economy's relationship to Marshall Field, alleged in its third-party complaint, satisfies the pretort relationship requirement.

Goodall also had a pretort relationship with Schwerman sufficient to pursue an indemnity action. Goodall produced the rubber hose which ruptured and injured Gunderson. While Goodall's connection is attenuated by another party (Hi-Way Power and Equipment Corporation), its contractual relationship with Hi-Way, who in turn sold the hose to Schwerman, is a sufficient basis for alleging the duty to indemnify. Just as privity no longer bars an action in contract (see, *e.g., Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612), Goodall's relationship with Schwerman is a pretort relationship for pleading purposes.

The majority, citing *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, contends that a pretort relationship is a nec-

essary part of an indemnity action. While I do not dispute the necessity of this requirement, I do not find that *Muhlbauer* supports the majority's conclusion that no pretort relationship exists in these cases. In *Muhlbauer*, no pretort relationship was alleged and it was impossible "to discern potential relationships that would support a duty on the part of Wilson to indemnify Kruzel." (39 Ill. 2d 226, 232.) Unlike *Muhlbauer*, these cases allege facts which establish relationships existing prior to the tort.

Likewise, *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, is distinguishable from Economy's and Goodall's claims. *Heinrich* held that a loaned-servant allegation could not be the basis for an indemnity action because the original defendant and the third-party defendant were not both liable to the plaintiff. The court's decision in that case, which was that the loaned-servant doctrine does not set forth an indemnity theory, dealt with a requirement different from the one at issue in this case. Therefore, I would dissent from the majority's decision to dismiss this case for lack of a pretort relationship. I would have gone on to decide the second issue presented to this court, that is whether a manufacturer or distributor can maintain an indemnity action against "downstream" parties when the cause of action arises prior to March 1, 1978, the date set by the decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 17.

GOLDENHERSH and RYAN, JJ., join in this dissent.