CALDONIA COLEMAN, Indiv., and as Next Friend of Angela Shorty, a Minor, Plaintiffs, v. FRANKLIN BOULEVARD HOSPITAL *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Donald J. Arenson *et al.*, Third-Party Defendants-Appellees).

First District (6th Division)   No. 1—91—0708

Opinion filed March 27, 1992.

John E. Passarelli, of Arlington Heights, for appellants.

Cole, Grasso, Fencl & Skinner, Ltd., of Chicago, for appellee Donald J. Arenson.

JUSTICE McNAMARA delivered the opinion of the court:

Third-party plaintiffs Franklin Boulevard Hospital (hospital) and Doctor David Hike filed an action in Cook County for contribution against third-party defendants Doctors Donald J. Arenson and Neal R. Frankel, alleging medical malpractice in their treatment of plaintiff Angela Shorty, a minor. The trial court granted third-party defendants' motion to dismiss with prejudice for failure to state a cause of action. Third-party plaintiffs appeal, contending that the trial court erred in dismissing the complaint because they properly pled a cause of action for implied indemnity against third-party defendants. Third-party plaintiffs agree that they are not entitled to relief under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.).

We adduce the following background from the affidavits, pleadings and documents filed. On July 3, 1985, Shorty was brought to the first-aid room of the hospital for treatment of a right ankle skin laceration one-inch long and two to three millimeters deep. Dr. Hike sutured the injury and determined that Shorty sustained no injury to the peroneal tendon. On July 12, 1985, Shorty's ankle was examined at the hospital and the sutures were removed. The wound was deter-

mined to be well-healed, and Shorty's foot was found to be in good and functional condition.

On September 19, 1985, Shorty was examined at Madison Medical Center. There was no indication of a problem or deformity in her right foot. Subsequent examinations at Madison on March 14 and October 6, 1986, did not reveal any muscular or skeletal abnormalities.

On October 15, 1986, third-party defendants diagnosed Shorty as suffering from post-traumatic lacerations of the peroneal tendons of the right foot with a resultant *pes varus* deformity. Third-party defendants performed corrective surgery on Shorty's foot on December 3, 1986.

Plaintiff's amended complaint states that third-party plaintiffs were negligent in that they failed to discover that Shorty's peroneal tendons were severed, failed to treat her for that condition, and that as a result she received severe and permanent injury to her right foot. That suit remains pending in the trial court. Plaintiff has never sought recovery against third-party defendants. The order dismissing third-party plaintiffs' complaint against third-party defendants is before us because the trial judge entered a special finding of finality pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

On appeal, third-party plaintiffs first contend that third-party defendants are vicariously liable for their alleged subsequent malpractice. Third-party plaintiffs rely upon *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40, in which a minor pedestrian sustained injuries when a motorist struck him while he was standing on the shoulder of a road. The motorist filed a third-party complaint against the treating physician alleging malpractice and seeking indemnity. The *Gertz* court held that the motorist, as the original tortfeasor, had the right to maintain a third-party action against the physician to be indemnified for the damages to the victim attributable to the physician's malpractice.

We find, however, that third-party plaintiffs' reliance upon *Gertz* is misplaced, because that case was decided when contribution among joint tortfeasors was unavailable in Illinois. Consequently, courts at that time recognized the doctrine of active/passive negligence as a right of " ' "equitable" implied indemnity based upon the relative fault of the parties.' " (*Frazer v. A.F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, 256, 527 N.E.2d 1248, quoting *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 30, 495 N.E.2d 496.) Thus, when the conduct of one tortfeasor was considered to be the primary or "active" cause of the damages to the plaintiff, the conduct of the other was considered to be a secondary or "passive" cause of the injury. The passively neg-

ligent party was permitted to shift the entire burden of the plaintiff's loss to the actively negligent tortfeasor. (See *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill. App. 2d 187, 229 N.E.2d 769; *Reynolds v. Illinois Bell Telephone Co.* (1964), 51 Ill. App. 2d 334, 201 N.E.2d 322.) In the present case, third-party plaintiffs maintain that their alleged failure to discover and treat the severed peroneal tendons in Shorty's right foot is "passive" negligence, and that because third-party defendants performed the surgery which left Shorty with permanent injury to her foot, their actions constitute "active" negligence.

■ However, in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 14, 15, 374 N.E.2d 437, our supreme court held that liability for a third-party plaintiff's damages should be apportioned on the basis of the "relative degree to which the defective product and the employer's" conduct "contributed to cause plaintiff's injuries." In 1979, the General Assembly passed the Contribution Act, which "codified and clarified" *Skinner*. (See *Stephens v. McBride* (1983), 97 Ill. 2d 515, 521-22, 455 N.E.2d 54.) Illinois has adopted the theory of comparative negligence and the principles of apportioning rather than affixing liability. In *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 27, 421 N.E.2d 886, our supreme court determined that total justice can only be attained where the law "apportions damages according to the relative fault of the parties." As succinctly expressed in *Allison v. Shell Oil Co.* (113 Ill. 2d at 34, 495 N.E.2d at 501):

> "Active-passive indemnity, like contributory negligence, perpetuates inequality by its inability to apportion loss and its refusal to grant any relief whatsoever to a party whose conduct is considered 'active' regardless of how much or little other tortfeasors are at fault."

■ Thus, third-party plaintiffs' attempt to shift the entire burden for any damages recoverable by Shorty against them to third-party defendants must fail. Third-party plaintiffs cannot prevail under the outmoded active-passive negligence distinction, which does not comport with the governing principle in this jurisdiction that the costs of accidental injury are to be apportioned in accordance with the relative fault of all concerned in the action. *Allison v. Shell Oil*, 113 Ill. 2d 26, 495 N.E.2d 496; *Alvis v. Ribar*, 85 Ill. 2d 1, 421 N.E.2d 886.

Third-party plaintiffs also advance an argument that under implied indemnity, third-party defendants are subject to liability for their subsequent malpractice in treating Shorty. Implied indemnity is based upon principles of restitution: "a contract implied in law arising from the legal obligation of an indemnitee to satisfy liability caused by

actions of his indemnitor." *Allison v. Shell Oil*, 113 Ill. 2d at 28; Restatement (Second) of Torts §886B, Comment *c*, at 345 (1979).

To state a cause of action for implied indemnity, a third-party complaint must allege: (1) a pretort relationship between the third-party plaintiff and the third-party defendant, and (2) a qualitative distinction between the conduct of the third-party plaintiff and the third-party defendant. (*Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 475 N.E.2d 867; *Brown v. Torin Corp.* (1988), 175 Ill. App. 3d 544, 529 N.E.2d 1077.) Classic pretort relationships which have given rise to a duty to indemnity include: lessor and lessee (*Mierzejwski v. Stronczek* (1968), 100 Ill. App. 2d 68, 241 N.E.2d 573); employer and employee (*Embree v. De Kalb Forge Co.* (1964), 49 Ill. App. 2d 85, 199 N.E.2d 250); owner and his lessee (*Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 184 N.E.2d 808); and master and servant. *Gulf Mobile & Ohio R.R. Co. v. Arthur Dixon Transfer Co.* (1951), 343 Ill. App. 148, 98 N.E.2d 783.

In this case, we find no allegations of a pretort relationship between the third-party plaintiffs and third-party defendants in the amended complaint. Indeed, third-party plaintiffs admit in their brief that "[d]efendants and third-party defendants are brought together only because they treated the same plaintiff," which expressly negates the inference of any pretort relationship. Therefore, we hold that third-party plaintiffs failed to state a cause of action for implied indemnity against third-party defendants.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing third-party plaintiffs' complaint for failure to state a cause of action is affirmed.

Judgment affirmed.

LaPORTA and RAKOWSKI, JJ., concur.