INTERNATIONAL AMPHITHEATRE COMPANY, Plaintiff, v. VAN-GUARD UNDERWRITERS INSURANCE COMPANY, Defendant and Counterplaintiff and Third–Party Plaintiff-Appellant (David Cox, Intervening Petitioner and Counterdefendant-Appellee; Al-Par, Inc. *et al.*, Defendants; Denise Morales *et al.*, Cross-Plaintiffs; Vanguard Underwriters Insurance Company *et al.*, Cross-Defendants; W. Russell Hummell & Company, Inc., Third-Party Defendant).

First District (3rd Division)   No. 86—1218

Opinion filed February 3, 1988.—Rehearing denied March 17, 1988.

Kralovec, Marquard, Doyle & Gibbons, of Chicago (Nancy Jo Arnold and Henry J. Marquard, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kevin R. Sido, Stephen R. Swofford, and Lynn D. Dowd, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal arises from the trial court's dismissal of the counterclaim of defendant/counterplaintiff, Vanguard Underwriters Insurance Company (Vanguard), which sought indemnity from intervening petitioner/counterdefendant, David Cox (Cox). Vanguard, an insurer, alleged in its counterclaim that Cox, an insurance broker, wrongfully issued a certificate of insurance to the plaintiff insured without proper authority from Vanguard.

In the original action, still pending in the circuit court of Cook County, plaintiff, International Amphitheatre Company, filed a declaratory judgment action seeking indemnification and a defense from Vanguard in several personal injury actions arising out of an incident which occurred at the International Amphitheatre on December 29, 1981. Vanguard moved to dismiss the original complaint and the cross-complaints, denying coverage under the policy and certificate of insurance. The court denied Vanguard's motions to dismiss.

Cox' motion to intervene in the matter was granted by the trial court. Vanguard then filed its counterclaim against Cox, asserting that Cox wrongfully represented himself as acting with the authority of Vanguard when he issued the subject certificate of insurance to International Amphitheatre and that the certificate of insurance issued by Cox was at variance with express provisions of the policy and failed to include sufficient reference to certain exclusions on the face of the certificate of insurance. The counterclaim also asserted that Cox actively conspired to defraud Vanguard by misrepresenting the nature of the risks it was being asked to insure and conspiring with others to improperly obtain insurance coverage from Vanguard. The counterclaim asserted that if the court ultimately found that Vanguard was obligated to defend or indemnify the International Amphitheatre, the liability of Vanguard was the result of the wrongful acts of Cox.

The trial court dismissed the counterclaim with prejudice on the ground that it failed to state a cause of action. The court stated that the counterclaim purported to sound in "non-express" indemnity, a cause of action which is no longer viable in Illinois in view of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1985, ch. 70, par. 301 et seq.) (the Contribution Act), which abolished

actions based on implied indemnity. The trial court found that, as a matter of law, a cause of action for implied indemnity no longer exists in Illinois. The trial court relied on *Heinrich v. Peabody International Corp.* (1985), 139 Ill. App. 3d 289, 486 N.E.2d 1379, *affirmed in part and reversed in part* (1987), 117 Ill. 2d 162, 510 N.E.2d 889.

On appeal Vanguard asserts that its action for indemnity from Cox pleads a theory of liability completely apart from and unaffected by the Contribution Act. (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) The Contribution Act provides for allocation of responsibility "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property." (Ill. Rev. Stat. 1985, ch. 70, pars. 302(a), (b).) Vanguard asserts that neither it, the insurer, nor Cox, its agent, is a tortfeasor or is alleged to be "subject to liability in tort" to plaintiff, the insured, and therefore, the Contribution Act does not apply to its counterclaim. Rather, Vanguard asserts, Cox' potential liability to Vanguard is based on the theory that an agent who acts on behalf of his principal for the purpose of entering into a contractual relationship can be held liable to his principal for losses resulting from a breach of fiduciary duties owed him. Vanguard cites *Milwaukee Mutual Insurance Co. v. Wessels* (1983), 114 Ill. App. 3d 746, 449 N.E.2d 897, and other cases.

Vanguard contends that the contractual liability which may be incurred by Vanguard by reason of Cox' acts is not the vicarious liability of *respondeat superior* imposed as a matter of policy in tort law, since no tort liability to third parties is involved here. The declaratory judgment action in the instant case is concerned strictly with contract law. Vanguard notes that it has not alleged that Cox breached any duties he owed to plaintiff, the insured, but rather alleged in its counterclaim that Cox breached duties owed directly to Vanguard.

■ A counterclaim will be dismissed if it fails to state a cause of action by the counterclaimant against the counterdefendant. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790; *Jackson v. Burlington Northern, Inc.* (1980), 84 Ill. App. 3d 967, 405 N.E.2d 805.) In considering a motion to dismiss, the trial court must accept as true all facts well pleaded as well as reasonable inferences which can be drawn from those facts. (*Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 379 N.E.2d 1206.) The decision to grant a defendant's motion to dismiss may be sustained only if no set of facts as pleaded by the plaintiff could conceivably state a cause of action. (*Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 379 N.E.2d 1206; *Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 469, 475 N.E.2d 867.) The granting of a

motion to dismiss is within the sound discretion of the trial court. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022.

■ We find that in the instant case the trial court erred in granting defendant's motion to dismiss. We agree with appellant that the Contribution Act and case law interpreting the Contribution Act do not bear on the instant action. The underlying declaratory judgment action seeks a defense and indemnification by Vanguard and a declaration of rights and duties of the plaintiff insured and Vanguard under Vanguard's policy. The plaintiff in the underlying action does not allege that Vanguard is a tortfeasor. Nor does Vanguard's counterclaim allege joint liability, or breach of any indirect or proportionate duty, such as must be alleged in an action seeking contribution. Vanguard's counterclaim against the agent, Cox, is based on duties owed directly by the agent to the insurer. The losses for which Vanguard, the insurer, seeks reimbursement arise, if at all, from its contractual liability to its insured, and neither the agent nor the insurer is claimed to be subject to liability to the insured in tort. Vanguard's alleged agency or contractual theory of liability is distinct from its claim for indemnity. Vanguard's request for indemnity is a request regarding a measure of damages.

Vanguard's counterclaim alleges that, if it is held liable on its policy to the Amphitheatre and/or Rainbow Productions, liability will be based on the contract to which Cox, as its purported agent, bound it when he issued the certificate of insurance purportedly on behalf of Vanguard. Vanguard claims that Cox acted outside his actual authority in issuing the certificate in the manner he did. Vanguard also claims that Cox otherwise defrauded it with regard to the risk it assumed by the subject policy, deliberately misrepresenting certain material facts and conspiring to defraud Vanguard in other ways affecting its policy obligations.

Vanguard has cited case law to support the cause of action it purports to allege. *Insurance Co. of North America v. J. L. Hubbard Co.* (1974), 23 Ill. App. 3d 254, 260, 318 N.E.2d 289, holds that if an insurance agent negligently or wilfully fails to carry out the peremptory instructions of his principal, the insurer, he may be found liable to the insurer for the amount which it is required to pay under the policy in settlement of the loss. In *Hubbard*, the court allowed indemnity to the plaintiff insurer against the defendant insurance agent for breach of the agent's duties to the insurer, its principal, in the event that the insurer was held liable to the purported insureds in a declaratory judgment action. (*Hubbard*, 23 Ill. App. 3d at 260-61.) Further, *Arm-*

*strong v. United Insurance Co.* (1981), 98 Ill. App. 3d 1132, 424 N.E.2d 1216, provides that an insurance agent with apparent or actual authority from an insurer may bind that insurer with regard to coverage based on the agent's representations to a purported insured. *Armstrong*, 98 Ill. App. 3d at 1144.

■ We find that the trial court improperly dismissed Vanguard's counterclaim for failure to state a cause of action in tort for implied or "non-express" indemnity and reverse the trial court's decision. Appellant has asserted that its counterclaim states a cause of action based on agency and contract law. The determination of whether the counterclaim sufficiently states a cause of action for breach of fiduciary duties or other duties arising out of an agency or contractual relationship of the parties, however, is properly one for the trial court. Accordingly, we remand this matter for further proceedings in accord with this decision.

Reversed and remanded.

McNAMARA and RIZZI, JJ., concur.