**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances under Rule 23(e)(1).

2021 IL App (3d) 190532-U

Order filed April 19, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| MORRIS ENGINEERING, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| NEW LENOX DEVELOPMENT, LLC, an | ) | Appeal No. 3-19-0532 |
| Illinois corporation, REGAN CORP., | ) | Circuit No. 17-L-244 |
| HILLER DEVELOPMENT, PEOTONE | ) | |
| DEVELOPMENT, PHILLIP REGAN and | ) | |
| JAMES REGAN, | ) | Honorable |
| | ) | Raymond E. Rossi |
| Defendants-Appellees. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Trial court did not err when it dismissed plaintiff's complaint with prejudice for failure to state a claim and as time barred.

¶ 2    Plaintiff Morris Engineering, Inc. brought this complaint against defendants New Lenox Development, LLC, Regan Corp., Hiller Development Corp., Peotone Development Corp., Phillip R. Regan and James M. Regan, asserting breach of contract (count I), vicarious liability (count II),

and in the alternative, unjust enrichment (counts III-V). The defendants moved to dismiss. The trial court denied the motion as to count I but granted it for counts II-V. Morris Engineering appealed. We affirm.

¶ 3                                                    BACKGROUND

¶ 4        In 2002, plaintiff Morris Engineering began providing engineering and surveying services to various housing development companies owned or operated by defendants Phillip R. Regan and James M. Regan. The first project was the Glenview Walk Estates subdivision, owned by defendant Hiller Development. James was the president of Hiller. "Several years" of work by Morris Engineering resulted in $80,000 due and owing from Hiller on the project. Morris Engineering agreed to a plan proposed by Phillip and James to recoup the outstanding balance. The Regans would insert a provision in each sale contract for a lot in the subdivision that would require the homeowners to retain Morris Engineering to complete the site design at double its usual rate. However, the provision was not included in the sale contracts, the homeowners did not retain Morris Engineering, and Morris Engineering did not recoup the balance owed from the Glenview Walk Estates project.

¶ 5        In 2004, Morris Engineering provided engineering and surveying services for the Peotone-Meyer Glen subdivision, which was owned by Peotone Development. Phillip was Peotone Development's president. The Regans again told Morris Engineering that it would be able to recoup some of the money owed to it by working on this project. Morris Engineering was paid nearly the entire amount due for its work on the Peotone-Meyer Glen subdivision but did not receive any extra pay for the Glenview Walk Estates balance.

¶ 6        In 2005, Morris Engineering agreed to provide engineering and surveying services for Prairie Ridge Estates subdivision, which was owned and controlled by New Lenox Development.

2

Phillip and James were the managers of New Lenox Development. Again, the Regans assured Morris Engineering it would recoup the funds it was owed by participating in the new project.

¶ 7    On December 20, 2007, Morris Engineering claimed an outstanding balance of $141,070.20, owed to it from the various Regan development projects, which amount remained due and owing after unsuccessful requests for payment. Prior to March 2013, Morris Engineering and the Regans attempted to reach a compromise about the balance due. On March 14, 2013, a written contract was executed between Morris Engineering and Phillip, on behalf of New Lenox Development. The contract provided:

> "This agreement is to settle any and all Bills between Morris Engineering, Inc. and New Lenox Dev, LLC, Regan Corp., Hiller Dev. Peotone Dev. And including any and all bill[s] for Phillip Regan and James Regan.
>
> Morris Engineering will receive $25,000 on or about Sept 1 2013 and another $25,000 on or before Sept 1 2015 from New Lenox Dev L.L.C."

¶ 8    Morris Engineering continued to provide services for the Prairie Ridge Estates subdivision. New Lenox Development failed to make the $25,000 payments due on September 1, 2013, and September 1, 2015. Through October 2015, Morris Engineering had provided $171,596.95 in professional services to the defendants.

¶ 9    On March 23, 2017, Morris Engineering filed a complaint, and on August 1, 2018, filed its second amended complaint alleging breach of contract (count I), vicarious liability (count II) and unjust enrichment (counts III-V) against defendants New Lenox Development, Regan Corp., Hiller Development, Peotone Development, Phillip R. Regan and James M. Regan, to recover for services it provided. The defendants moved to dismiss and following a hearing, the trial court granted the motion as to counts II-V, dismissing those counts with prejudice, but denied the motion

3

as to count I. Morris Engineering moved to reconsider, which the trial court denied in part and granted in part, allowing Morris Engineering's claim for unjust enrichment against New Lenox Development to proceed as to a balance owed in 2015. On motion of Morris Engineering, the trial court entered a Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding, and Morris Engineering timely appealed.

¶ 10                                    ANALYSIS

¶ 11        On appeal, we consider whether the trial court erred when it dismissed Morris Engineering's claims for vicarious liability and unjust enrichment, and whether it erred in denying Morris Engineering's motion to reconsider the dismissals.

¶ 12        We first address whether the trial court erred when it found the complaint failed to state a claim (735 ILCS 5/2-615 (West 2018)) for vicarious liability. Morris Engineering asserts the trial court erred when it dismissed count II alleging vicarious liability of the other defendants for New Lenox Development's breach of the settlement agreement. It submits that New Lenox Development was acting on behalf of the other defendants when it agreed to pay $50,000 per the contract.

¶ 13        A motion to dismiss under section 2-615 of the Code of Civil Procedure (Civil Code) (*id.*) tests the legal sufficiency of the complaint and asserts that the complaint does not state a cause of action on which relief may be granted. *Jane Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. In reviewing a section 2-615 motion to dismiss, a court considers whether the facts in the complaint, viewed in a light most favorable to the nonmovant, and taking all well-pleaded facts and reasonable inferences as true, are sufficient to state a cause of action. *Id.* ¶ 16. Dismissal under section 2-615 is not appropriate unless there is no set of facts that would entitle the plaintiff to recovery. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429

4

(2006). When considering a section 2-615 dismissal, the exhibits attached to the complaint are to be considered part of the complaint, and if there is an inconsistency between the complaint and the exhibit, the exhibit controls. *Mars, Inc. v. Heritage Builders of Effingham Inc.*, 327 Ill. App. 3d 346, 355 (2002) (citing *Gardner v. Senior Living Systems, Inc.*, 314 Ill. App. 3d 114, 117 (2000)). Illinois is a fact-pleading jurisdiction, and a complaint must sufficiently allege facts to bring the claim into the scope of the asserted cause of action. *Bianchi v. Savino Del Bene Int'l Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 918 (2002). Unsupported conclusions of fact are insufficient to support a claim. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1052 (1998). We review *de novo* a dismissal under section 2-615 of the Civil Code. *Illinois Insurance Guaranty Fund v. Liberty Mutual Insurance Co.*, 2013 IL App (1st) 123345, ¶ 15.

¶ 14    The theory of vicarious liability, or *respondeat superior*, allows a principal to be held liable for the negligent conduct of an agent acting within the scope of his or her agency. *McNerney v. Allamuradov*, 2017 IL App (1st) 153515, ¶ 67. An agency relationship exists when a principal has the right to control the manner in which the agent works, and the agent may act on the principals' behalf. *Id.* ¶ 64. The party seeking to establish an agent-principal relationship carries the burden to prove its existence and scope. *Id.* The shareholders, officers and directors of a business are generally not liable for the corporate debts. *A.L. Dougherty Real Estate Management Co., v. Su Chin Tsai*, 2017 IL App (1st) 161949, ¶ 24. The members of a limited liability company are generally not liable for the contractual obligations of the company. *National Union Fire Insurance Co. of Pittsburgh, PA v. DiMucci*, 2015 IL App (1st) 122725, ¶ 71 (citing 805 ILCS 180/10-10 (West 2010)).

¶ 15    In support of its claim for vicarious liability, Morris Engineering reasons that, since 2002, it dealt with Phillip and/or James, who represented they owned or were involved with the real

5

estate development projects and served as president or manager of each of the entities, the actual, "legal and practical interconnection" between the defendants was clear. Accordingly, Morris Engineering argues, New Lenox Development was acting as an agent for all the entities when it signed the settlement contract, and each is vicariously liable on the contract. We disagree. Vicarious liability does not apply to a breach of contract claim; it concerns the agent's negligent conduct. *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.*, 166 Ill. App. 3d 369, 371 (1988) (noting that *respondeat superior* applies to tort cases, not contract law). Morris Engineering does not argue that the defendants acted negligently. Rather, the complaint alleges the defendants intentionally failed to pay for the services Morris Engineering provided. We find vicarious liability does not extend the breach of contract claim against New Lenox Development to include the other defendants.

¶ 16        Morris Engineering also failed to establish an agency relationship. As support for its agency claim, Morris Engineering submits that Phillip and James had been involved in all the developments to which Morris Engineering provided services, represented that they owned or controlled the development companies, and served as president or manager of the development entities. Other than conclusory statements, Morris Engineering does not demonstrate how Phillip or James controlled the other defendants or bound them to the contract. Their status as owners, managers or shareholders does not extend their liability. Each entity is a distinct business and the fact that the Regans were involved in all of them does not result in an agency relationship.

¶ 17        Morris Engineering did not offer any facts that New Lenox Development controlled any actions of the other defendants. Although Morris Engineering sought to bind all the defendants to the settlement agreement based on its concerns of nonpayment, the contract was signed only by Phillip on behalf of New Lenox Development and not as representative of any of the other entities.

6

Contrary to Morris Engineering's interpretation, the contract did not bind all the defendants, only New Lenox Development. See *Crum v. Krol*, 99 Ill. App. 3d 651, 655 (1981) (when "a written contract by its terms is drafted as a mutual agreement among several parties, it must be signed by all parties in order to bind them"). Morris Engineering failed to establish an agency relationship or that vicarious liability applies to extend New Lenox's breach of contract to the other defendants. Thus, we find Morris Engineering failed to state a cause of action on which relief could be granted. The trial court did not err when it dismissed count II alleging vicarious liability.

¶ 18　　　　The second issue is whether the trial court erred when it dismissed the unjust enrichment counts (counts III-V) as time barred. Morris Engineering argues that dismissal was in error. It maintains that it is impossible to ascertain when it knew or should have known that the contract was breached, necessitating a determination by a factfinder and complains that allowing the defendants to avoid payment for services Morris Engineering rendered amounts to unjust enrichment.

¶ 19　　　　A dismissal under section 2-619(a)(5) of the Civil Code is appropriate when the action is not commenced within the applicable time limits. 735 ILCS 5/2-619(a)(5) (West 2018). Actions alleging unjust enrichment are governed by a five-year statute of limitations. 735 ILCS 5/13-205 (West 2018); *Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 742 (1995). The commencement of a limitations period may be postponed under the discovery rule until the plaintiff knows or has reason to know that an injury occurred, and the defendant wrongfully caused it. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20. A party is aware its injury may have been wrongfully caused when it is " 'aware of some possible fault' " by the defendant. *Landreth v. Raymond P. Fabricius, PC*, 2018 IL App (3d) 150760, ¶ 36 (quoting *Mitsias v. I-Flow Corp.*, 2011 IL App (1st) 101126, ¶ 24). The limitations period begins when a creditor is able to " 'legally demand payment.' "

*Milnes v. Hunt*, 311 Ill. App. 3d 977, 980 (2000) (quoting *Mazur v. Stein*, 314 Ill. App. 529, 534 (1942)). This court reviews a trial court's grant of a section 2-619 motion to dismiss *de novo*. *Partners for Payment Relief DE IV, LLC v. Daily*, 2019 IL App (3d) 170757, ¶ 9.

¶ 20 The statute of limitations for claims of unjust enrichment is five years. Morris Engineering's complaint alleges work done between 2002 and 2007, with an unpaid balance owing on December 20, 2007. The five-year statute of limitations for unjust enrichment expired at the latest on December 20, 2012, unless the discovery rule is applicable. Morris Engineering submits that its cause of action did not accrue when each project was finished because it engaged in continuing negotiations with the defendants for payment. The assertions in its second amended complaint contradict its claim.

¶ 21 The first two counts, breach of contract against New Lenox and vicarious liability against the other defendants, included the following statements, incorporated by reference into the remaining counts: "it became clear that [the defendants] had no intention of paying for these services," "despite numerous and repeated requests for payment, this balance remained unpaid, due and owing," and "due to the long history of non-payment and the large outstanding balances owed." The unjust enrichment counts specify that "despite numerous and repeated request for payment, no payments have been received."

¶ 22 Based on its allegations, Morris Engineering knew or should have known when it completed the Glenview Walk Estates project after "several years of work" beginning in 2002 that it had not been paid by Hiller Development in spite of its attempts to collect on the bill. The complaint alleges that Morris Engineering entered into a plan to recoup its losses through site design projects because it was aware that Hiller was not planning to pay the outstanding balance. Morris Engineering knew or should have known that it provided services for Peotone Development

8

beginning in 2004, and seemingly completed by December 2007, when the outstanding balance was included in the grand total due and owing. At that time, Morris Engineering knew that it had still not been paid for its work on the Glenview Walk Estates development despite assurances it could recoup those funds through work on the Peotone project. It was also owed money for services it rendered on the Peotone project. In its complaint, Morris Engineering alleged work for New Lenox development beginning in 2005. The exhibits attached to the complaint include multiple invoices for work at the project performed between July 2005 to December 2007. As of December 20, 2007, Morris Engineering knew or should have known New Lenox Development owed it money, was not paying, and did not intend to pay.

¶ 23    Morris Engineering acknowledges the appropriate dates but asserts that because there was a long-term relationship between the parties, it was unclear when it should have known of the injury or when the limitations period would begin. Its assertion is unavailing. When it finished each project, Morris Engineering knew that it was owed money by the applicable defendant as evidenced by the claims in its complaint. By its own account, Morris Engineering was owed money for the services it provided to the defendants from the first project onward, with a total for the completed projects due and owing in December 2007. At that point, Morris Engineering was aware of its claims, and that the defendants had not paid. We find the statute of limitations began to run on December 20, 2007, and was not tolled by the discovery rule. The time for Morris Engineering to file its complaint expired December 20, 2012.

¶ 24    Morris Engineering's decision to forgo collection of the sums due and roll them over into new projects does not toll the statute of limitations in this matter. Because the complaint was filed more than five years after Morris Engineering knew or should have known it was injured and the injury was wrongfully caused, the trial court did not err in dismissing counts III-V with prejudice

9

under section 2-619(a)(5) as time barred. A portion of count V alleging money owed for work completed for New Lenox Development within the limitations period remains and is not challenged on appeal.

¶ 25    The last issue is whether the trial court erred when it denied Morris Engineering's motion to reconsider the dismissals of counts II-V of its second amended complaint. According to Morris Engineering, the trial court erred in applying existing law to the facts of the case and should have reconsidered the dismissals.

¶ 26    A motion to reconsider is designed to bring to the attention of the court newly discovered evidence that was not available at the time of the finding, changes in the law, or errors in the court's application of the law. *Chelkova v. The Southland Corp.*, 331 Ill. App. 3d 716, 729-30 (2002) (citing *Landeros v. Equity Property & Development*, 321 Ill. App. 3d 57, 65 (2001)). A motion to reconsider is not an opportunity to reargue the case and offer the same arguments already considered by the court. *Chesrow v. Du Page Auto Brokers*, 200 Ill. App. 3d 72, 78 (1990). This court reviews a trial court's determination on a motion to reconsider for an abuse of discretion. *State Farm Mutual Automobile Insurance Co. v. Progressive Northern Insurance Co.*, 2015 IL App (1st) 140447, ¶ 69.

¶ 27    In its motion to reconsider and in its argument on appeal regarding the motion to reconsider, Morris Engineering submits the same arguments it originally made in the trial court regarding the dismissals under sections 2-615 and 2-619 of the Civil Code. It argues the allegations supported a cause of action for vicarious liability and that the discovery rule tolled the limitations period. It did not specify how the court erred in applying the law, only presenting the fact that the court rejected its arguments and ruled against it. We find the trial court did not err in denying the motion to reconsider.

¶ 28                                        CONCLUSION

¶ 29           For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 30           Affirmed.